PROSKAUER ROSE LLP
Marguerite Stenson Wynne (MW-2151)
One Newark Center
Newark, New Jersey  07102
(973) 274-3260

1585 Broadway
New York, New York  10036
(212) 969-3937

UNITED STATES DISTRICT COURT
DISTRICT OF NEW YORK
--------------------------------------------------------------------X
TRUSTEES of the MASON TENDERS                      :
DISTRICT COUNCIL WELFARE FUND,                     :
PENSION FUND, ANNUITY FUND and                     :     05 CV 8239 (NRB) [ECF Case]
TRAINING PROGRAM FUND,                             :
                                                   :
                   and                             :
                                                   :
MASON TENDERS DISTRICT COUNCIL OF                  :
GREATER NEW YORK, by its Business Manager          :     **COMPLAINT**
Robert Bonanza,                                    :
                                                   :
                                   Plaintiffs,     :
                                                   :
              - against -                          :
                                                   :
TRI-STATE ENVIRONMENTAL CONTRACTING,               :
INC. and NICHOLAS COSMAS,                          :
                                                   :
                                   Defendants.     :
--------------------------------------------------------------------X

Plaintiffs, the Trustees of the Mason Tenders District Council Welfare Fund,

Pension Fund, Annuity Fund and Training Program Fund (collectively, the "Funds") and the

Mason Tenders District Council of Greater New York (the "Union"), by and through their

attorneys, Proskauer Rose LLP, as and for their Complaint, respectfully allege as follows:

<u>NATURE OF THE ACTION AND JURISDICTION</u>

1.      This is a civil action brought, *inter alia*, pursuant to sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145) (hereinafter referred to as "ERISA"), and section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by the Trustees of the Funds and by the Union, through its Business Manager, for injunctive and other equitable relief and for breach of contract.  This Complaint alleges that by failing, refusing or neglecting to comply with specific statutory and contractual obligations, defendants violated their collective bargaining agreements, the respective trust agreements of the Funds (the "Trusts"), the Taft-Hartley Act and/or ERISA.

2.      Jurisdiction of this Court is invoked under the following statutes:

(a)      Section 502(e)(1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f));

(b)      Section 301 of the Taft-Hartley Act (29 U.S.C. § 185);

(c)      28 U.S.C. § 1331 (federal question);

(d)      28 U.S.C. § 1337 (civil actions arising under Act of Congress regulating commerce); and

(e)      principles of pendent jurisdiction.

3.      Venue properly lies in this district under section 502(e)(2) of ERISA (29 U.S.C. § 1132(e)(2)) and section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

<u>PARTIES</u>

4.      Plaintiff Trustees are the trustees of jointly-administered, multi-employer, labor-management trust funds established and maintained pursuant to various collective bargaining agreements in accordance with sections 302(c)(5) and (c)(6) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5), (c)(6)).  The Funds are employee benefit plans within the meaning of sections 3(1),

2

3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. §§ 1002(1), (2), (3) and 1132(d)(1)), and multi-employer plans within the meaning of sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145). The purpose of the Funds is to provide various fringe benefits to eligible employees on whose behalf employers contribute to the Funds pursuant to collective bargaining agreements between employers in the building and construction industry and the Union. The Mason Tenders District Council Welfare Fund also collects the required monetary contributions due to the New York State Laborers-Employers Cooperation and Education Trust Fund ("NYS-LECET"), the Greater New York Laborers-Employers Cooperation and Education Trust Fund ("GNY-LECET"), the New York State Health and Safety Trust Fund ("NYSHST") and the Industry Advancement Fund ("IAF"), as their authorized agent, and remits said contributions to the NYS-LECET, GNY-LECET, NYSHST and IAF. The Funds maintain their offices and are administered at 520 8th Avenue, New York, New York 10018, in the City, County and State of New York.

5. The Trustees of the Funds are fiduciaries within the meaning of sections 3(21) and 502 of ERISA (29 U.S.C. §§ 1002(21) and 1132), and bring this action in their fiduciary capacity.

6. Plaintiff Union is a labor organization within the meaning of section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and section 3(4) of ERISA (29 U.S.C. § 1002(4)). The Union is the representative of its constituent locals, each local being a labor organization operating as a labor union with more than seven members within the City and State of New York. The Union maintains its offices and is administered at 520 8th Avenue, New York, New York 10018, in the City, County and State of New York.

7.      Robert Bonanza is the Business Manager of the Union and brings this action for dues checkoffs and Political Action Committee ("PAC") contributions in his representative capacity pursuant to section 12 of the General Associations Law of the State of New York.

8.      Upon information and belief, at all times material hereto, defendant Tri-State Environmental Contracting, Inc. ("Tri-State") has been a for-profit domestic corporation doing business in the State of New York as an employer within the meaning of sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and has been an employer in an industry affecting commerce within the meaning of section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

9.      At all times material hereto, defendant Tri-State has been a member of non-party Environmental Contractors Association, Inc. (the "ECA"), the bargaining agent for its members for purpose of collective bargaining with the Union.

10.     The ECA executed collective bargaining agreements with the Union (the "ECA Agreements"), with respect to which plaintiff Funds are third-party beneficiaries.

11.     As a member of the ECA, defendant Tri-State agreed to comply with and to be bound by all of the provisions of the ECA Agreements.

12.     Defendant Nicholas Cosmas ("Cosmas") negotiated and executed an Independent Agreement with the Union on behalf of himself individually (the "Independent Agreement", sometimes referred to collectively with the ECA Agreements as the "Agreements"), as well as on behalf of defendant Tri-State, and thereby personally agreed to comply with and to be bound by all of the provisions of the Independent Agreement.  As such, defendant Cosmas is an employer within the meaning of sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and is an employer in an industry affecting commerce within the meaning of section 301 of the Taft-Hartley Act (29 U.S.C. § 185).  Defendant Cosmas is sued herein in his individual capacity.

4

13.     Defendant Cosmas is an officer of defendant Tri-State and has been acting in its interest, and has been vested with authority and control with respect to all obligations owed by defendant Tri-State under the terms of the Agreements.

THE AGREEMENTS AND TRUSTS

14.     By its terms, the Independent Agreement, *inter alia*, personally bound defendant Cosmas to assume all the obligations of defendant Tri State under the Independent Agreement. The Independent Agreement provides in relevant part:

> The parties hereto have caused this Agreement to be signed this day and year by their duly authorized officers, and represent to each other that they were duly authorized to enter into this Agreement.  The person signing on behalf of the Employer also agrees to be personally bound by and to assume all obligations of the Employer provided in this Agreement and said person warrants and represents that said person has authority to bind the Employer and the principals or members thereof.

15.     Pursuant to the terms of the Agreements and the Trusts, defendants Tri-State and Cosmas are, jointly and severally, required, *inter alia*, to:

> (a)     pay monetary contributions to the Funds and the authorized agent of the NYS-LECET, GNY-LECET, NYSHST and IAF (the "fringe benefit contributions"), at the rates and times set forth in the Agreements, for all work performed by defendants' employees within the trade and geographic jurisdictions of the Union;
>
> (b)     submit contribution reports to the Funds;
>
> (c)     in the event defendants fail to timely pay fringe benefit contributions, defendants are obligated to pay interest from the date such delinquent contributions were due until the date of payment, and to pay all costs and attorneys' fees incurred by the Funds in the recovery thereof;
>
> (d)     deduct and remit to the Union dues checkoffs and PAC contributions (at the rates per hour specified by the Union), from the wages paid to employees who authorize said deductions in writing, for all work

performed by defendants' employees within the trade and geographic jurisdictions of the Union;

(e)     permit and cooperate with the Funds and/or their designated representatives in the conduct of audits of all of defendant Tri-State's books and records including, without limitation, all payroll sheets, computer payroll printouts, daily time records, job location records, cash disbursement journals, State tax forms WRS-2, NYS-45 (NY) and WR 30 (NJ), Federal tax forms W2, W3, 940, 941, 1096, 1099, 1120s/1120S and 1040 Schedule C, New York and New Jersey employment records and reports, insurance company reports, supporting checks, general ledgers, vouchers, verification of work outside the trade and/or geographic jurisdiction of the Union, evidence of unemployment insurance contributions, payroll tax deductions, disability insurance premiums, certification of workers compensation coverage, and any other items concerning payroll(s), as well as the same records of any affiliate, subsidiary, alter ego, joint venture, successor or other related company of defendants;

(f)     pay the costs of the audits if defendants are substantially delinquent in the payment of fringe benefit contributions to the Funds.  "Substantially delinquent" is defined as any delinquency in the payment of fringe benefit contributions in excess of 10% of the fringe benefit contributions paid to the Funds during the period covered by the audit;

(g)     in the event the Funds bring an action to recover the costs of the audits, defendants are obligated to pay the reasonable costs and attorneys' fees incurred by the Funds in bringing such action; and

(h)     post and maintain a surety bond to guarantee payment of fringe benefit contributions and dues checkoffs and PAC contributions that become due and owing.

REMEDIES FOR BREACH OF OBLIGATIONS TO THE FUNDS

16.     Pursuant to the terms of the Agreements, the Trusts and section 515 of ERISA (29 U.S.C. § 1145), employers are required to pay fringe benefit contributions to plaintiff Funds in accordance with the terms and conditions of the Agreements.

17.     Failure to make such payment or timely payment constitutes a violation of the Agreements, the Trusts and section 515 of ERISA (29 U.S.C. § 1145).

6

18.     The Agreements, the Trusts and section 502 of ERISA (29 U.S.C. § 1132) all provide that, upon a finding of an employer violation as set forth above, the Funds shall be awarded the unpaid fringe benefit contributions, plus interest and liquidated damages on the unpaid and/or untimely paid fringe benefit contributions (both computed at the rate prescribed under section 6621 of Title 26 of the United States Code (26 U.S.C. § 6621)), together with reasonable attorneys' fees and costs of the action, and such other legal or equitable relief as the court deems appropriate.

<u>AS AND FOR A FIRST CLAIM FOR RELIEF</u>
(FUNDS' CLAIM AGAINST DEFENDANTS
FOR FRINGE BENEFIT CONTRIBUTIONS)

19.     Plaintiff Funds repeat and reallege each and every allegation contained in paragraphs 1 through 18 of this Complaint, as if fully set forth herein.

20.     As a result of work performed pursuant to the Agreements by individual employees of defendants, fringe benefit contributions in the amount of $120,859.10, as determined by an audit of defendant Tri-State's books and records covering the period April 1, 2003 through March 31, 2004, became due and owing to plaintiff Funds from defendants.

21.     Additionally, as a result of work performed pursuant to the Agreements by individual employees of defendants during the period May 1, 2004 through December 31, 2004, fringe benefit contributions in an amount no less than $17,739.75 (as estimated from shop steward reports), became due and owing to plaintiff Funds from defendants.

22.     Part of the fringe benefit contributions contractually due has been recovered by plaintiff Funds from the surety for defendant Tri-State, although all fringe benefit contributions have been duly demanded from defendants Tri-State and Cosmas, and a balance of $53,930.27

remains due and owing.  Plaintiff Funds have therefore been damaged in the amount of $53,930.27.

23.    The failure of defendants Tri-State and Cosmas to make such payment or timely payment constitutes a violation of the Agreements, the Trusts and section 515 of ERISA (29 U.S.C. § 1145).

24.    Accordingly, pursuant to the Agreements, the Trusts and section 502 of ERISA (29 U.S.C. § 1132), defendants Tri-State and Cosmas are jointly and severally liable to plaintiff Funds for: (a) the balance of fringe benefit contributions in the amount of $53,930.27 for the periods April 1, 2003 through March 31, 2004 and May 1, 2004 through December 31, 2004, plus such additional fringe benefit contributions found due and owing pursuant to an audit of Tri-State's books and records for the period April 1, 2004 to the date of judgment; and (b) the interest and liquidated damages on the unpaid and untimely paid fringe benefit contributions, together with reasonable attorneys' fees and costs incurred by the Funds.

### AS AND FOR A SECOND CLAIM FOR RELIEF
### (FUNDS' DEMAND FOR AN ORDER DIRECTING DEFENDANTS TO PERMIT AN AUDIT)

25.    Plaintiff Funds repeat and reallege each and every allegation contained in paragraphs 1 through 24 of this Complaint, as if fully set forth herein.

26.    Pursuant to the terms of the Agreements and the Trusts, as set forth in paragraph 15(e) above, defendants Tri-State and Cosmas are required to permit and cooperate with plaintiff Funds and/or their designated representatives in the conduct of audits of Tri-State's books and records.

27.    As a result of defendants' aforesaid failure to make payment, plaintiff Funds have reason to believe that additional fringe benefit contributions are due and owing.

8

28.     Accordingly, pursuant to the Agreements and the Trusts, plaintiff Funds demand an Order directing defendants Tri-State and Cosmas to permit and cooperate in the conduct of an audit of Tri-State's books and records for the period April 1, 2004 to the date of judgment.

<u>AS AND FOR A THIRD CLAIM FOR RELIEF</u>
(FUNDS' CLAIM AGAINST DEFENDANTS
FOR COSTS OF THE AUDITS)

29.     Plaintiff Funds repeat and reallege each and every allegation contained in paragraphs 1 through 28 of this Complaint, as if fully set forth herein.

30.     The audit of defendant Tri-State's books and records for the period April 1, 2003 through March 31, 2004 revealed that defendants were substantially delinquent, as defined in the Agreements, in the payment of fringe benefit contributions to plaintiff Funds for said period.

31.     By virtue of defendants' substantial delinquency, there became due and owing to plaintiff Funds from defendants Tri-State and Cosmas the amount of $3,502.75 for the costs of the aforesaid audit.

32.     No part of the costs of the aforesaid audit contractually due plaintiff Funds has been paid by defendants, although all audit costs have been duly demanded.  Plaintiff Funds have therefore been damaged in the amount of $3,502.75.

33.     The failure of defendants Tri-State and Cosmas to pay the costs of the aforesaid audit constitutes a violation of the Agreements and the Trusts.

34.     Accordingly, defendants Tri-State and Cosmas are jointly and severally liable to plaintiff Funds for the costs of the aforesaid audit in the amount of $3,502.75, plus the costs of an audit for the period April 1, 2004 to the date of judgment if such audit confirms that defendants are substantially delinquent in the payment of fringe benefit contributions for such

9

period, plus the reasonable costs and attorneys' fees incurred by the Funds in bringing this action.

AS AND FOR A FOURTH CLAIM FOR RELIEF
(UNION'S CLAIM AGAINST DEFENDANTS
FOR BREACH OF THE AGREEMENTS)

35.    Plaintiff Union repeats and realleges each and every allegation contained in paragraphs 1 through 34 of this Complaint, as if fully set forth herein.

36.    As a result of work performed pursuant to the Agreements by individual employees of defendants who authorized said deductions in writing, defendants Tri-State and Cosmas deducted dues checkoffs and PAC contributions in the amount of $21,939.73, as determined by the audit covering the period April 1, 2003 through March 31, 2004.

37.    Additionally, as a result of work performed pursuant to the Agreements by individual employees of defendants during the period May 1, 2004 through December 31, 2004, dues checkoffs and PAC contributions in an amount no less than $3,395.00 (as estimated from shop steward reports), became due and owing to plaintiff Union from defendants.

38.    Part of the dues checkoffs and PAC contributions contractually due has been recovered from the surety for defendant Tri-State, although all dues checkoffs and PAC contributions have been duly demanded from defendants Tri-State and Cosmas, and a balance of $10,003.22 remains due and owing.  Plaintiff Union has therefore been damaged in the amount of $10,003.22.

39.    The failure of defendants Tri-State and Cosmas to remit all such deductions constitutes a violation of the Agreements.

40.    Accordingly, pursuant to the Agreements and section 301 of the Taft-Hartley Act (29 U.S.C. § 185), defendants Tri-State and Cosmas are jointly and severally liable to plaintiff

10

Union for: (a) the balance of unremitted dues checkoffs and PAC contributions in the amount of $10,003.22 for the periods April 1, 2003 through March 31, 2004 and May 1, 2004 through December 31, 2004, plus such additional dues checkoffs and PAC contributions found due and owing pursuant to an audit of Tri-State's books and records for the period April 1, 2004 to the date of judgment; and (b) the interest on the unpaid and untimely paid dues checkoffs and PAC contributions.

AS AND FOR A FIFTH CLAIM FOR RELIEF
(FUNDS' CLAIM FOR INJUNCTIVE RELIEF
AGAINST DEFENDANTS)

41.    Plaintiff Funds repeat and reallege each and every allegation contained in paragraphs 1 through 40 of this Complaint, as if fully set forth herein.

42.    As set forth above, defendants Tri-State and Cosmas have breached, and are currently in breach of their obligations under the Agreements and the Trusts, and have violated section 301 of the Taft-Hartley Act (29 U.S.C. § 185) and section 515 of ERISA (29 U.S.C. § 1145).

43.    Defendants' prior conduct demonstrates a significant likelihood that they will continue to breach the aforementioned contractual and statutory provisions.

44.    Plaintiff Funds will suffer immediate and irreparable injury unless defendants Tri-State and Cosmas, their officers, agents, servants and employees are enjoined from failing, refusing or neglecting to timely pay and/or submit the required fringe benefit contributions and/or reports to the Funds, permit and cooperate in the conduct of audits, pay the costs of the audits, remit dues checkoffs and PAC contributions deducted from the wages paid to employees who authorize said deductions in writing, and pay all amounts determined by the audits to be due

11

and owing, for so long as defendants remain obligated to do so pursuant to the Agreements, the Trusts and ERISA.

45.     Plaintiff Funds have no adequate remedy at law to insure that defendants Tri-State and Cosmas will adhere to their continuing obligations under the Agreements, the Trusts and ERISA.

46.     Accordingly, plaintiff Funds request that this Court issue an injunction preliminarily and permanently enjoining defendants Tri-State and Cosmas, their officers, agents, servants, employees and all persons in active concert or participation with it who receive actual notice of the order by personal service or otherwise from violating the terms of the Agreements and the Trusts and requiring them to timely pay and/or submit the required fringe benefit contributions and/or reports to the Funds, pay the costs of the audits, remit dues checkoffs and PAC contributions deducted from the wages paid to employees who authorize said deductions in writing, and pay all amounts determined by the audits to be due and owing, for so long as defendants remain obligated to do so pursuant to the Agreements, the Trusts and ERISA.

WHEREFORE, plaintiff Funds and plaintiff Union demand judgment against defendants Tri-State and Cosmas, jointly and severally:

(a)     for payment of all past due fringe benefit contributions in the amount of $53,930.27, plus all additional amounts found due and owing to plaintiff Funds pursuant to an audit of defendant Tri-State's books and records for the period April 1, 2004 to the date of judgment, and which become due during the pendency of this action;

(b)     for accrued prejudgment interest on all late payments of fringe benefit contributions, plus the reasonable costs and attorneys' fees incurred by the Funds, pursuant to the Agreements and the Trusts;

(c)     for accrued prejudgment interest on all fringe benefit contributions due pursuant to § 502(g)(2) of ERISA;

12

(d)    for liquidated damages on all fringe benefit contributions due pursuant to § 502(g)(2) of ERISA;

(e)    for reasonable attorneys' fees and costs pursuant to § 502(g)(2) of ERISA;

(f)    for an Order requiring defendants to permit and cooperate in the conduct of an audit of Tri-State's books and records for the period April 1, 2004 to the date of judgment;

(g)    for payment of the costs of the audit covering the period April 1, 2003 through March 31, 2004, in the amount of $3,502.75, plus the costs of any audit for the period April 1, 2004 to the date of judgment if such audit confirms that defendants are substantially delinquent in the payment of fringe benefit contributions for such period, plus the reasonable costs and attorneys' fees incurred by the Funds in bringing this action, pursuant to the Agreements and Trusts;

(h)    for remittance of all dues checkoffs and PAC contributions in the amount of $10,003.22, plus all additional amounts found due and owing to plaintiff Union pursuant to an audit of defendant Tri-State's books and records for the period April 1, 2004 to the date of judgment, and which become due during the pendency of this action, with interest;

(i)      for an Order preliminarily and permanently enjoining defendants Tri-State and Cosmas, their officers, agents, servants, employees and all persons in active concert or participation with it who receive actual notice of the order by personal service or otherwise from violating the terms of the Agreements and the Trusts and requiring them to timely pay and/or submit the required fringe benefit contributions and/or reports to the Funds, permit and cooperate in the conduct of audits, pay the costs of the audits, remit dues checkoffs and PAC contributions deducted from the wages paid to employees who authorize said deductions in writing, and pay all amounts determined by the audits to be due and owing, for so long as defendants remain obligated to do so in accordance with ERISA, the Agreements and the Trusts; and

(j)      for such other and further relief as the Court deems just and proper.

Dated: New York, New York
        September 23, 2005

                                    PROSKAUER ROSE LLP
                                    Attorneys for Plaintiffs

                                    By:  s/ Marguerite Stenson Wynne
                                        Marguerite Stenson Wynne (MW-2151)
                                    One Newark Center
                                    Newark, New Jersey  07102
                                    (973) 274-3200

                                    1585 Broadway
                                    New York, New York  10036
                                    (212) 969-3937